UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DONALD YOUNG,<br>    Petitioner,<br><br>v.<br><br>A.T. WALL,<br>    Respondent. | C. A. No. 14-469-M |

## ORDER

This matter is before the Court on the State's motion to dismiss which alleges that Donald Young has not exhausted his claims, as required by 28 U.S.C. §2254(b)(1)(A). Although the Court believes that respondent has misconstrued the nature of Mr. Young's claims, there are nonetheless at least two bases upon which it is required to dismiss the instant petition. It therefore does so.

This petition was filed pursuant to 28 U.S.C. §2254. Mr. Young is a state court prisoner serving sentences imposed on a number of convictions, described below and entered in Rhode Island Case No. P1/2009 – 3676AG. The judgments of conviction were affirmed by the Rhode Island Supreme Court on November 7, 2013. *See State v. Young,* 78 A.3d 787 (R.I. 2013). Mr. Young filed his petition within the one-year durational limitation prescribed by 28 U.S.C. §2244(d)(1).

### Background

Mr. Young was convicted of seven offenses after trial in the Rhode Island Superior Court for Providence County: murder; conspiracy to murder; discharging a firearm during a crime of violence, resulting in death; assault with a dangerous weapon;

conspiracy to assault with intent to murder; discharging a firearm during a crime of violence; and possession of a firearm without a license. He was sentenced in the aggregate to two consecutive life terms, followed by forty years to be served consecutively, plus two 10-year concurrent terms. The offenses grew out of a July 12, 2009, shooting on Trask Street in Providence, in which Mr. Young allegedly walked up to a white Buick and fired at the two men sitting in the vehicle; Kasean Benton was killed and Dukuly Torell Soko was wounded. The prosecution alleged that Mr. Young and the two associates accompanying him belonged to a gang (Comstock) that rivaled the gang (YNIC) with which Mr. Benton and Mr. Soko were affiliated.

At trial, the state introduced evidence of the gangland memberships and animosity, the previous homicide of a member of Comstock, Darren Regans,[1] and evidence that Mr. Young had previously stabbed Mr. Soko back in 2007.

Mr. Young raised three evidentiary challenges and a double jeopardy claim in his direct appeal to the Rhode Island Supreme Court.[2] He contended that in spite of a lack of probative value and an unduly prejudicial impact, the trial court allowed evidence of gang affiliation and the unsolved murder of Regans (both of which ostensibly provided a motive for the shooting), and evidence of the stabbing of Mr. Soko (even though Mr. Soko merely assumed from Mr. Young's presence at the altercation that it was he who had stabbed him).

---

[1] The state's theory was that the 2007 murder of Regans (a Comstock) was the object of a retaliation effort by Mr. Young on behalf of the Comstocks.
[2] The double jeopardy claim was predicated on the dual convictions of discharging a firearm – once resulting in death and once not. It is not pressed as a ground for relief in this Court.

2

The Rhode Island Supreme Court rejected all three evidentiary challenges on the grounds that none of them were sufficiently preserved for appellate review, either because of a complete lack of objection or an insufficiently argued objection. *State v. Young, supra* at 792-94. Although each had been initially raised by motion *in limine*, the trial judge had deferred ruling on the motions; then, at the time the evidence was offered the defense either made no objection or objected without stating any basis. Both cause a procedural default under settled Rhode Island law. *Id.*[3] Nonetheless, the Rhode Island Supreme Court opined in a series of footnotes that the trial judge did not abuse his discretion in admitting any of the challenged evidence and made it clear that even had trial counsel preserved the issues for appeal, the arguments would be unavailing. *Id.*, at n.7, 8, and 9.

**The 2254 Petition**

Mr. Young's claims for relief are predicated on what he terms the unfair admission into evidence of testimony concerning the three topics above: gangland affiliation, the Regans murder, and blaming him for the Soko stabbing. His initial Petition (ECF 1) cast his three grounds for relief as claims of ineffective assistance of counsel, contending that his trial lawyer's failure to object to or otherwise preserve for appeal the introduction of the three topics of evidence described above satisfied the standard of *Strickland v. Washington*, 466 U.S. 668 (1984).

On October 30, 2014, this Court issued a Text Order requiring Mr. Young to show cause why his petition should not be dismissed for failure to exhaust the ineffective

---

[3] The Court also noted that as to much of this evidence, the defense actively cross-examined on it and appeared to use the evidence affirmatively. *E.g.*, "Thus, defendant appears to have made a conscious decision to employ this line of questioning and he cannot now object to its admission on his appeal." *State v. Young, supra* at 793.

3

assistance of counsel claims by pursuing a post-conviction relief application in the state courts. In response to that Order, Mr. Young filed an Amended §2254 Petition on December 2, 2014 (ECF 7).

In the Amended Petition, Mr. Young simply re-cast his three claims, alleging that some unspecified [constitutional] violation had occurred by the "prejudicial allowance" of the challenged testimony.[4] When required to state the "supporting facts" for his claims, Mr. Young repetitively asserted, "counsel was 'ineffective' for [failing to object, incompletely objecting, or failing to preserve]" the issue for appeal.

It appears to this Court that the inclusion of verbiage reciting ineffective assistance of counsel has become Mr. Young's mantra in an attempt to defeat the contention that he has waived the evidentiary claims, a procedural default precluding habeas corpus relief. *Wainwright v. Sykes,* 433 U.S. 72, 88-89 (1977) (rejecting "deliberate bypass" standard for finding waiver).

The State has filed a Motion to Dismiss (ECF No. 8) that seems responsive to the initial Petition and oblivious to the Amended Petition. It alleges that Mr. Young has grounded his claim for relief in contentions of ineffective assistance of counsel and that these claims are unexhausted. *See* Respondent's Memorandum in Support of Its Motion to Dismiss Petition (ECF 8). In his Reply (ECF 10), Mr. Young clearly states that his claims are ones of "fair trial," not "ineffective assistance of counsel."

---

[4] As to Ground One, the "prejudicial allowance – use of the testimony about alleged 'gang affiliation.'" As to Ground Two, the "'prejudicial' allowed questioning of Soko led jury to believe Benton murder 'retaliation.'" As to Ground Three, the "'prejudicial' allowing of testimony to facts Soko had <u>no</u> knowledge of."

4

Mr. Young seeks to avoid both his vulnerability to waiver of the claims *and* his failure to seek collateral relief in the state courts by a two-barreled volley. He contends (a) that counsel's ineffectiveness was the reason for the failure of preservation; and (b) that it would be futile to challenge the admission of the controversial evidence by application for post-conviction relief in state court because the highest state court has already "ruled" on and "denied" his challenges.

### Dismissal

After reviewing the Amended Petition, the Motion to Dismiss, Petitioner's and Respondent's Response to the Show Cause Order, Petitioner's Reply, and the State Court opinion, this Court grants the State's Motion to Dismiss for the following reasons: (a) Mr. Young has failed to state an underlying constitutional claim for relief, since the evidentiary rulings at the core of his complaint are matters of state law that do not rise to the level of a fundamentally unfair trial; and (b) the attempt to use ineffective assistance of counsel to justify what appears to be a procedural default and waiver of the claims is unavailing because state law makes it clear that no viable objection lay to the challenged evidence.

### Claim for Relief

To gain relief, a §2254 petitioner must prevail on a claim grounded in the United States Constitution or federal law. "A state prisoner is entitled to relief under 28 U. S. C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." *Engle v. Isaac,* 456 U.S. 107, 119 (1982). Mr. Young's claims are essentially evidentiary, arising out of an application of R.I. R. Evid. 403 and 404. While the cited evidence surely was prejudicial, that does not in and of itself implicate, much

5

less deny, the fair trial guarantee of U.S. Const. Amend. VI and XIV. Indeed, Mr. Young called the Court's attention to *United States v. Abel*, 469 U.S. 45 (1984), a case in which the United States Supreme Court engaged in an analysis under Fed.R.Evid. 403 when it held admissible references to the defendant's membership in a prison gang. While that holding relied on the Court's supervisory jurisdiction, there is no intimation in the opinion that such testimony threatened the constitutional right of fair trial, or any constitutional right.

Second, Mr. Young bears the burden of showing that no procedural default attributable to him precludes this Court's review in a §2254 petition. *Costa v. Hall*, 673 F.3d 16, 23 (1st Cir. 2012), citing *Maples v. Thomas*, 132 U.S. 912, 922 (2012). Absent good cause for defaulting, and prejudice resulting, the state procedural default stands as an adequate and independent state ground precluding federal relief. *Id.* There is, first, no question that the Rhode Island Supreme Court's requirement of a timely and specific objection to preserve a claimed error on appeal is a long-standing appellate rule consistently applied. *See e.g., State v. Mastracchio*, 612 A.2d 698, 704 (R.I. 1992) (objection without stating any grounds), *State v. Burke*, 529 A.2d 621, 627 (R.I. 1987) (failure to make timely objection to lack of cautionary instruction, and *State v. Long*, 488 A.2d 427, 432 (R.I. 1985) (requirement to specifically object met) – all cited in *State v. Young, supra* at 794.

Second, Mr. Young attempts to hurdle the apparent default by showing that its cause was ineffective assistance of counsel. Both the "cause" and "prejudice" prongs are defeated by the same truth: admission of the evidence was not improper under state law and therefore, counsel could not have been ineffective for failure to preserve the claim of

abuse of discretion *and* even had counsel preserved the claims they would have been denied. Regardless of whether the Rhode Island Supreme Court's pronouncements on the ultimate admissibility of the evidence was *dicta*, it is surely an undeniable indication that Mr. Young suffered no prejudice by the failure to preserve because the appellate claims would have been denied in any event.[5]

For the above reasons, the petition must be denied.

The Court deems it appropriate, nonetheless, to address the exhaustion of remedies issue. The state argues that Mr. Young has failed to exhaust an ineffective assistance of counsel claim. Indeed he has, but the Court finds that he has actually made no frontal claim for a new trial predicated on denial of a Sixth Amendment right to effective counsel. Thus, he need not exhaust claims not made.

To the extent that there is a question about whether Mr. Young has exhausted the *actual* claims made by the failure to challenge them in a state collateral attack, he contends his admitted failure to do so is excused by the "futility" of exhausting when the state supreme court has already indicated an intention to deny the claims on the merits. Were petitioner's claims otherwise to state grounds for relief under 28 U.S.C. §2254, and were it not for the procedural default, the "futility" argument might prevail as an excuse for not seeking further state court review.

> [T]he federal courts have carved a narrow futility exception to the exhaustion principle. If *stare decisis* looms, that is, if a state's highest court has ruled unfavorably on a claim involving facts and issues

---

[5] If the petitioner cannot meet the "cause and prejudice" standard for excusing a procedural default, he might otherwise win review with a supported claim that a constitutional error was committed that "has probably resulted in the conviction of one who is actually innocent." *Simpson v. Matesanz*, 175 F.3d 200, 209 (1st Cir. 1999), quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Here, the petitioner has alleged no real constitutional error *nor* that he is actually innocent.

7

materially identical to those undergirding a federal habeas petition and there is no plausible reason to believe that a replay will persuade the court to reverse its field, then the state judicial process becomes ineffective as a means of protecting the petitioner's rights. In such circumstances, the federal courts may choose to relieve the petitioner of the obligation to pursue available state appellate remedies as a condition precedent to seeking a federal anodyne.

*Allen v. Attorney Gen.*, 80 F.3d 569, 573 (1st Cir. 1996). Here, there is not, strictly speaking, *stare decisis,* as the Rhode Island Supreme Court's comments were *dicta*, but considering they were made about the same case, the obstacle looms equally large.

### Certificate of Appealability

Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Rule 11 of the Rules Governing Proceedings Under 28 U.S.C. § 2254, this Court will not issue a Certificate of Appealability ("COA"). As Mr. Young's Petition is being dismissed on "procedural grounds" without this Court reaching his "underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Young has shown neither of these requirements, so no COA will issue. A Certificate of Appealability is DENIED.

### Conclusion

Setting aside all the procedural issues, Mr. Young's basic failing is an absence of constitutional underpinning to the arguments he makes. That failing defeats habeas corpus jurisdiction.

The Court GRANTS the State's Motion to Dismiss (ECF No. 8) and the Petition is hereby DISMISSED. A Certificate of Appealability is DENIED.

IT IS SO ORDERED:

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge

Date: January 30, 2015